UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| UPSTATE NEW YORK ENGINEERS HEALTH FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS PENSION FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS S.U.B. FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS TRAINING FUND, by Theron Hogle and Eugene Hallock, as Trustees; LOCAL 106 TRAINING AND APPRENTICESHIP FUND, by Daniel J. McGraw and Eugene Hallock, as Trustees; CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its BOARD OF TRUSTEES; UPSTATE NEW YORK OPERATING ENGINEERS, LOCAL 158, by Daniel McGraw, as Business Manager, | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT**

Civil Action No.
5:20-CV-1429 (DNH/ML)

Plaintiffs,

– against –

ALL WAYS CONCRETE PUMPING LLC, DIANA L. SROKA, Individually and as an Officer of All Ways Concrete Pumping LLC, and KENNETH A. SROKA, Individually and as an Officer of All Ways Concrete Pumping LLC,

Defendants.

_____

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the

Defendants, respectfully allege as follows:

## I.     JURISDICTION AND VENUE

1.     This is an action arising under the Employee Retirement Income Security Act of

1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq.].  It is an action by fiduciaries of an

employee benefit plans for monetary and injunctive relief to redress violations of ERISA

Sections 404, 406, 409 and 515 [29 U.S.C. §§ 1104, 1106, 1109 and 1145].  It is also an action

under Section 502(a)(2) for breach of fiduciary duty against employers that failed to timely

remit contributions and otherwise abide by the documents that establish and maintain ERISA

covered plans [29 U.S.C. §1132(a)(2)].

2.      This is also an action arising under Section 301(a) of the Labor-Management

Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)].  It is a suit for,

among other things, violations of a contract between an employer and a labor organization

representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C.

§141 et seq.].

3.      Jurisdiction is conferred on this Court by ERISA Section 502(e)(1) [29 U.S.C.

§1132(e)(1)], without respect to the amount in controversy or the citizenship of the parties, as

provided in ERISA 502(f) [29 U.S.C. §1132(f)].

4.      Jurisdiction is also conferred on this Court, without respect to the amount in

controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to federal law

[28 U.S.C. §1337].

5.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C.

§1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)].  It is an action brought in the district

where some of the plans are administered, where the breach took place, and where

Defendants reside.

6.      This is an action arising under 28 U.S.C. §1367.  It is an action where all non-

federal claims raised in the Complaint are so related to the federal claims as to form part of the

same case or controversy within the meaning of Article III of the United States Constitution

such that this Court may exercise supplemental jurisdiction over those non-federal claims.

## II.    DESCRIPTION OF THE PARTIES

7.      Plaintiff Deborah Spaulding is the Administrator of the Upstate New York Engineers Health Fund [hereinafter "Health Fund"].  The Health Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Ms. Spaulding is a fiduciary of the Health Fund as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].

8.      Plaintiff Deborah Spaulding is the Administrator of the Upstate New York Engineers Pension Fund [hereinafter "Pension Fund"].  The Pension Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Ms. Spaulding is a fiduciary of the Pension Fund as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21)(A)].

9.      Plaintiff Deborah Spaulding is the Administrator of the Upstate New York Engineers S.U.B. Fund [hereinafter "S.U.B. Fund"].  The S.U.B. Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Ms. Spaulding is a fiduciary of the S.U.B. Fund as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].

10.     Plaintiffs Theron Hogle and Eugene Hallock are Trustees of the Upstate New York Engineers Training Fund [hereinafter "Training Fund"].  The Training Fund is administered within the Northern District of New York, at 5612 Business Avenue, Cicero, New York 13039.  Mr. Hogle and Mr. Hallock are fiduciaries of the Training Fund, as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21)(A)].  [The Health Fund, Pension Fund, S.U.B. Fund and Training Fund are hereinafter collectively referred to as "Upstate New York Engineers Funds"].

11.     Plaintiff Board of Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers [hereinafter "Central Pension Fund"] are fiduciaries as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21) (A)].  The Central Pension Fund maintains an office and principal place of business at 4115 Chesapeake Street, N.W., Washington, D.C.  20016.

12.     Plaintiffs Daniel J. McGraw and Eugene Hallock are Trustees of the Local 106 Training and Apprenticeship Fund [hereinafter "Local 106 Training Fund"].  Trustees McGraw and Hallock are fiduciaries of the Local 106 Training Fund, as defined in Section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].  The Local 106 Training Fund maintains an office and principal place of business at 44 Hannay Lane, Glenmont, New York 12077. [The Upstate New York Engineers Funds, Central Pension Fund and Local 106 Training Fund are collectively referred to as "Funds" or "Plans"].

13.     Plaintiff Daniel J. McGraw is Business Manager of Upstate New York Operating Engineers, Local No. 158 [hereinafter "Union"].  The Union is an unincorporated association maintaining its principal office and place of business at 27 Hannay Lane, Glenmont, New York 12077.  The Union is a labor organization in an industry effecting commerce within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §141 et seq.]. The Union represents employees with respect to the terms and conditions of employment, including, but not limited to, wages, benefits and supplements and is permitted to commence this action on their behalf.

14.     The Funds are multi-employer plans as defined in § 3(37) of the Act [29 U.S.C. § 1002(37)] and are employee benefit plans as described in § 3(3) of the Act [29 U.S.C. § 1002(3)].

15.     Upon information and belief, Defendant All Ways Concrete Pumping, LLC [hereinafter referred to as "Defendant Corporation"] is incorporated under the laws of the State of New York, has a principal place of business and offices located at 2682 Turnpike Road, Auburn, New York 13021, and, at all times relevant herein, was authorized to do and was doing business in the State of New York.

16.     Upon information and belief, Defendant Diana L. Sroka [hereinafter "Defendant Diana Sroka"], is an officer and shareholder of Defendant Corporation.  Upon information and belief, Defendant Diana Sroka resides at 2297 Reyer Road, Auburn, New York 13021.

17.     Upon information and belief, Defendant Kenneth A. Sroka [hereinafter "Defendant Kenneth Sroka"], is an officer and shareholder of Defendant Corporation.  Upon information and belief, Defendant Kenneth Sroka resides at 2297 Reyer Road, Auburn, New York 13021.

18.     Defendants are employers in an industry affecting commerce, all as defined in ERISA Section 3(5)(11) and (12) [29 U.S.C. § 1002(5)(11) and (12)].  Defendants are also employers of employees covered by an employee benefit plan and multiemployer plan maintained pursuant to a collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. § 1002(3) and (37)], and are obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. § 1145].

19.     Defendants are parties in interest with respect to the Funds as defined in ERISA Section 3(14)(C), (E) and (H) [29 U.S.C. § 1002(14)(C), (E) and (H)] and act directly as employers and/or indirectly in the interests of the employers in relation to the Funds, all as defined in ERISA Section 3(5) [29 U.S.C. § 1002(5)].

20.     To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III.     FIRST CAUSE OF ACTION

21.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "20 " inclusive of this Complaint as if set forth fully at this point.

22.     ERISA Section 515 [29 U.S.C. § 1145] provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

23.     ERISA Section 209 imposes an obligation on Defendants to advise Plaintiff Funds of the number of bargaining unit hours worked by Defendants' employees and to fully and timely remit contributions to Plaintiff Funds on behalf of those hours.

24.     At all times relevant herein, Defendant Corporation was party to the following collective bargaining agreements with the Union: (1) the June 1, 2007-May 31, 2012 Building & Rehabilitation Working Agreement Between International Union of Operating Engineers Local Union No. 545 and Construction Employers Association of CNY, Inc., Mohawk Valley

Construction Employers Association, LRS of Northern NY Builders Exchange, Inc., executed by

Defendant Corporation on July 19, 2010 ["2007-2012 Building CBA"]; (2) the June 1, 2012-

February 28, 2015 Building Agreement Between "The Associations" and Local No. 158 of the

International Union of Operating Engineers, executed by Defendant Corporation on May 30,

2012 ["2012-2015 Building CBA"]; (3) the June 1, 2015-February 28, 2019 Building Agreement

Between "The Associations" and Local No. 158 of the International Union of Operating

Engineers, executed by Defendant Corporation on July 12, 2016 ["2015-2019 Building CBA"]; (4)

the March 1, 2019-February 28, 2023 Building Agreement Between "The Associations" and

Local No. 158 of the International Union of Operating Engineers ["2019-2023 Building CBA"]; (5)

the 2008-2012 Agreement Between Labor Relations Division, Central New York Region,

Associated General Contractors of America, New York State Chapter, Inc. and International

Union of Operating Engineers, Local Union 545 Affiliated with the AFL-CIO, executed by

Defendant Corporation on April 13, 2009 ["2008-2012 Heavy Highway CBA"]; (6) the 2012-2015

Agreement Between Labor Relations Division of Albany Region, Rochester Region, Central New

York Region, Associated General Contractors of New York State, LLC and International Union of

Operating Engineers Local Union No. 158 Affiliated with the AFL-CIO, executed by Defendant

Corporation on May 30, 2012 ["2012-2015 Heavy Highway CBA"]; (7) the 2015-2019 Heavy

Highway Agreement Between Labor Relations Divisions of Albany Region, Rochester Region,

Central New York Region, Associated General Contractors of New York State, LLC and

International Union of Operating Engineers Local Union No. 158 Affiliated with the AFL-CIO

Labor Relations Division Associated General Contractors of New York State, LLC, executed by

Defendant Corporation on July 12, 2016 ["2015-2019 Heavy Highway CBA"]; (8) the 2019-2023

Heavy Highway Agreement Between Labor Relations Divisions of Albany Region, Rochester Region, Central New York Region, Associated General Contractors of New York State, LLC and International Union of Operating Engineers Local Union No. 158 Affiliated with the AFL-CIO Labor Relations Division Associated General Contractors of New York State, LLC ["2019-2023 Heavy Highway CBA"] [hereinafter collectively referred to as "CBA"].

25.     Pursuant to the CBA, the Defendant Corporation is bound by the terms and conditions, rules and regulations of the Agreement and Declaration of Trust of the Upstate New York Engineers Health Fund, the Agreement and Declaration of Trust of the Upstate New York Engineers Pension Fund, the Agreement and Declaration of Trust of the Upstate New York Engineers S.U.B. Fund, the Agreement and Declaration of Upstate New York Engineers Training Fund, the Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, the Agreement and Declaration of Trust of the Local 106 Training Fund, and the Upstate New York Engineers' Funds' Collections Policy [hereinafter "Trusts" and "Collections Policy"].

26.     The CBA, Trusts and Collections Policy obligate Defendant Corporation to submit monthly reports and contributions to the Funds for each hour worked by its employees who performed work covered by the CBA.

27.     Effective September 17, 2003, the Agreements and Declarations of Trust for the Upstate New York Engineers Funds provide that: "[t]itle to all monies paid into and/or due and owing to [Plaintiff Plans is] vested in and remain[s] exclusively in the Trustees of the [Plaintiff Plans]; outstanding and withheld contributions constitute plan assets."

28.     Since at least February 1, 1986, Section 4.2 of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers has provided that: "[t]he Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same."

29.     The 2015-2019 Building CBA, 2019-2023 Building CBA, 2015-2019 Heavy Highway CBA, and 2019-2023 Heavy Highway CBA provide that "unpaid, outstanding and withheld contributions constitute plan assets".

30.     The CBA requires Defendant Corporation to remit contributions to the Upstate New York Construction Industry Research and Service Trust Fund ["C.I.R.S.T. Fund"] for each hour worked by its employees who performed work covered by the CBA.

31.     The CBA requires the Defendant Corporation to deduct stipulated sums from the wages of certain employees and pay said amounts to the Union, said amounts representing Union dues, Voluntary Political Action Fund ["V.P.A.F."] monies, Administration and Safety Program ["A.S.P."]monies, Industry Advancement Program ["I.A.P."] monies, Industry Fund ["I.F."] monies, Construction Cooperation and Education Trust ["UNICON"] monies, and Defense Fund ["Defense Fund"] monies.

32.     The CBA, Trusts and Collections Policy obligate Defendant Corporation to submit its remittance reports and remit the contributions and deductions to Plaintiffs by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

33.     Under the CBA, the Trusts, the Collections Policy and 29 U.S.C. §1132(g)(2), if the Defendant Corporation fails to timely remit contributions and deductions, it is liable for the amount of contributions and deductions plus the following:  (1) interest on the unpaid and untimely paid Upstate New York Engineers Funds contributions, at the rate of two percent (2%) per month through December 31, 2015 and at the rate of twelve percent (12%) per annum from January 1, 2016; (2) the greater of interest on the unpaid and untimely paid Upstate New York Engineers Funds contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (3) interest on the unpaid and untimely paid Local 106 Training Fund contributions, at the rate prescribed by ERISA; (4) interest again on the unpaid and untimely paid Local 106 Training Fund contributions, at the rate prescribed by ERISA; (5) interest on the unpaid and untimely paid Central Pension Fund contributions, at the rate of nine percent (9%) per annum; (6) the greater of interest on the unpaid and untimely paid Central Pension Fund contributions or liquidated damages equal to fifteen percent (15%) of those delinquent contributions; (7) interest on the unpaid and untimely paid C.I.R.S.T. Fund monies, at the rate of nine percent (9%) per annum; (8) liquidated damages equal to ten percent (10%) of the delinquent C.I.R.S.T. monies; (9) interest on the unpaid and untimely paid UNICON monies, at the rate of nine percent (9%) per annum; (10) interest on the unpaid and untimely paid I.F./A.S.P. monies that accrued under the Building Agreement at the rate of two percent (2%) per month through December 31, 2015, and at the rate of twelve percent (12%) per annum from January 1, 2016; (11) liquidated damages equal to twenty percent (20%) of the unpaid and untimely paid I.F./A.S.P. monies due under the Building Agreement; (12) interest on the unpaid and untimely paid Defense Fund, V.P.A.F. and Union dues, at the rate of nine

percent (9%) per annum; plus (13) costs and fees of collection, audit fees and attorneys' fees.

34.     Defendants failed to comply with their statutory and contractual obligation to properly report hours worked by their employees, actively concealed the scope of the bargaining unit work performed by their employees, and actively and fraudulently underreported and underpaid contributions/trust assets and deductions to the Plaintiffs for those employees performing work covered by the CBA.

35.     Defendants breached their fiduciary obligations to Plaintiffs by improperly reporting hours worked by their employees and improperly remitting contributions and deductions to Plaintiffs on behalf of their employees' hours of work.

36.     As a result of Defendants misconduct and concealing of that misconduct, Plaintiffs had no knowledge that Defendants were delinquent in submitting contributions until after Plaintiffs audited Defendant Corporation's books and records in 2018.

37.     According to the audit, dated December 31, 2018, of Defendant Corporation's records for the period January 1, 2012 through July 31, 2018, Defendant Corporation failed to remit $305,320.09 in fringe benefit contributions and deductions on behalf of those employees who performed operating engineers' work and were paid the operating engineers' wage rate required by the CBA, consisting of $101,992.92 in Upstate New York Engineers Pension Fund contributions, $97,401.89 in Upstate New York Engineers Health Fund contributions, $9,381.44 in Upstate New York Engineers Training Fund contributions, $2,955.85 in Local 106 Training Fund contributions, $60,584.82 in Central Pension Fund contributions, $346.10 in C.I.R.S.T. Fund monies, $697.98 in Industry Fund/A.S.P. monies, $473.19 in UNICON monies, $1,111.37 in V.P.A.F. monies, $35.00 in Defense Fund monies, and $30,339.53 in Union dues.

38.     Defendant Corporation has not paid the $305,320.09 in contributions and

deductions and has not paid the applicable interest, liquidated damages, audit fees, attorneys'

fees, and costs of collection.

39.     Defendant Corporation, therefore, owes $305,320.09 in contributions and

deductions, plus the following:  (1) interest from February 15, 2012 through December 31, 2015

on the $101,460.61 in unpaid and untimely paid Upstate New York Engineers Funds

contributions, at the rate of two percent (2%) per month; plus (2) interest from January 1, 2016

on the $208,776.25 in unpaid and untimely paid Upstate New York Engineers Funds

contributions, at the rate of twelve percent (12%) per annum; plus (3) the greater of interest on

the $208,776.25 in delinquent Upstate New York Engineers Funds contributions or liquidated

damages equal to twenty percent (20%) of those delinquent contributions; plus (4) interest

from February 15, 2012 on the $2,955.85 in unpaid Local 106 Training Fund contributions, at

the rate prescribed by ERISA; (5) interest again on the $2,955.85 in unpaid Local 106 Training

Fund contributions, at the rate prescribed by ERISA; (6) interest from February 15, 2012 on the

$60,584.82 in unpaid and untimely paid Central Pension Fund contributions, at the rate of nine

percent (9%) per annum; plus (7) the greater of interest on the $60,584.82 in unpaid and

untimely paid Central Pension Fund contributions or liquidated damages equal to fifteen

percent (15%) of those delinquent contributions; plus (8) interest from February 15, 2012 on

the $346.10 in unpaid and untimely paid C.I.R.S.T. Fund monies, at the rate of nine percent (9%)

per annum; plus (9) liquidated damages equal to ten percent (10%) on the $346.10 in unpaid

and untimely paid C.I.R.S.T. Fund monies; plus (10) interest from February 15, 2012 on the

$473.19 in unpaid UNICON monies; plus (11) interest on $463.57 in unpaid and untimely paid

I.F./A.S.P. monies, at the rate of two percent (2%) per month from January 1, 2012 through

December 31, 2015, plus interest on $697.98 in unpaid and untimely paid I.F./A.S.P. monies, at

the rate of twelve percent (12%) per annum after January 1, 2016; plus (12) liquidated damages

equal to twenty percent (20%) of the $697.98 in unpaid and untimely paid I.F./A.S.P. monies;

plus (13) interest on the $35.00 in unpaid and untimely paid Defense Fund monies, at the rate

of nine percent (9%) per annum from February 15, 2012; plus (14) interest on the $1,111.37 in

unpaid and untimely paid V.P.A.F. monies, at the rate of nine percent (9%) per annum from

February 15, 2012; plus (15) interest on the $30,339.53 in unpaid and untimely paid Union

dues, at the rate of nine percent (9%) per annum from February 15, 2012; plus (16) costs and

fees of collection, audit fees and attorneys' fees.

### IV.    SECOND CAUSE OF ACTION

40.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs

"1" through "39" inclusive of this Complaint as if set forth fully at this point.

41.    According to the audit, dated December 31, 2018, of Defendant Corporation's

records for the period January 1, 2012 through July 31, 2018, Defendant Corporation failed to

remit $1,279,216.31 in fringe benefit contributions and deductions on behalf of those

employees who performed operating engineers' work covered by the CBA but were paid a

wage rate different than the wage rate required by the CBA [hereinafter "Flat Rate

Employees"], consisting of $435,724.05 in Upstate New York Engineers Pension Fund

contributions, $450,198.02 in Upstate New York Engineers Health Fund contributions,

$53,397.03 in Upstate New York Engineers Training Fund contributions, $254,073.28 in Central

Pension Fund contributions, $1,327.06 in C.I.R.S.T. Fund monies, $8,819.51 in Industry

Fund/A.S.P. monies, $5,124.48 in V.P.A.F. monies, and $70,552.88 in Union dues, to the Funds and Union with regard to hours of bargaining unit work performed by these employees.

42.     Defendant Corporation has not paid the $1,279,216.31 in contributions and deductions due on behalf of hours worked by the Flat Rate Employees and has not paid the applicable interest, liquidated damages, audit fees, attorneys' fees, and costs of collection.

43.     Defendant Corporation, therefore, owes $1,279,216.31 in contributions and deductions, plus the following:  (1) interest from February 15, 2012 through December 31, 2015 on the $512,525.57 in unpaid and untimely paid Upstate New York Engineers Funds contributions, at the rate of two percent (2%) per month; plus (2) interest from January 1, 2016 on the $939,319.10 in unpaid and untimely paid Upstate New York Engineers Funds contributions, at the rate of twelve percent (12%) per annum; plus (3) the greater of interest on the $939,319.10 in delinquent Upstate New York Engineers Funds contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (4) interest from February 15, 2012 on the $254,073.28 in unpaid and untimely paid Central Pension Fund contributions, at the rate of nine percent (9%) per annum; plus (5) the greater of interest on the $254,073.28 in unpaid and untimely paid Central Pension Fund contributions or liquidated damages equal to fifteen percent (15%) of those delinquent contributions; plus (6) interest from February 15, 2012 on the $1,327.06 in unpaid and untimely paid C.I.R.S.T. Fund monies, at the rate of nine percent (9%) per annum; plus (7) liquidated damages equal to ten percent (10%) on the $1,327.06 in unpaid and untimely paid C.I.R.S.T. Fund monies; plus (8) interest on $4,854.75 in unpaid and untimely paid I.F./A.S.P. monies, at the rate of two percent (2%) per month from January 1, 2012 through December 31, 2015, plus interest on $8,819.51 in unpaid

and untimely paid I.F./A.S.P. monies, at the rate of twelve percent (12%) per annum after

January 1, 2016; plus (9) liquidated damages equal to twenty percent (20%) of the $8,819.51 in

unpaid and untimely paid I.F./A.S.P. monies; plus (11) interest on the $5,124.48 in unpaid and

untimely paid V.P.A.F. monies, at the rate of nine percent (9%) per annum from February 15,

2012; plus (12) interest on the $70,552.88 in unpaid and untimely paid Union dues, at the rate

of nine percent (9%) per annum from February 15, 2012; plus (13) costs and fees of collection,

audit fees and attorneys' fees.

### V.    THIRD CAUSE OF ACTION

44.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs

"1" through "43" inclusive of this Complaint as if set forth fully at this point.

45.    Under the Plaintiff Upstate New York Engineers Funds' Collections Policy,

effective January 1, 2016, if Defendants do not produce complete and accurate records for

review and audit by Plaintiff Upstate New York Engineers Funds, the Plaintiff Upstate New York

Engineers Funds are entitled to implement a formula audit that allows them to presume that

Defendant Corporation's employees performed a minimum of forty (40) hours per week of

bargaining unit work for fifty-two (52) weeks during the calendar year (2,080 hours per year),

and that Defendant Corporation owes contributions at the hourly rate for Class A or Class I

Mechanics as set forth in the CBA.

46.     Defendant Corporation did not maintain and produce accurate and complete books and records of the number of hours of bargaining unit work performed by its employees during the period January 1, 2016 through July 31, 2018 and did not maintain and produce complete books and records of the exact location where the employees performed their work.

47.     The audit, dated December 31, 2018, shows that the Flat Rate Employees worked 22,743.80 hours during the period January 1, 2016 through July 31, 2018.

48.     During the period January 1, 2016 through July 31, 2018, the Class A Mechanic rate under the Union's Building Agreement for remittances to the Upstate New York Engineers Funds is $18.30 per hour.

49.     Under Plaintiffs' formula audit, Defendant Corporation owes $416,211.54 in contributions to the Upstate New York Engineers Funds for the 22,743.80 hours worked by the Flat Rate Employees.

50.     Defendant Corporation, therefore, owes $416,211.54 in contributions to the Upstate New York Engineers Funds for the period January 1, 2016 through July 31, 2018 plus the applicable interest and liquidated damages at the rates set forth in Paragraph No. 33, plus costs and expenses of collection, audit fees and attorneys' and paralegal fees.

## VI.     FOURTH CAUSE OF ACTION

51.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "50" inclusive of this Complaint, as if fully set forth at this point.

52.     At all times hereinafter mentioned, Defendant Corporation is obligated to remit contributions and deductions to the Plaintiffs in accordance with the CBA, Trusts and Collections Policy.

53.     Defendant Corporation is statutorily and contractually obligated under the CBA, Trusts and Collections Policy to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work, i.e., operating engineers' work.

54.     The CBA, Trusts, the Collections Policy and ERISA obligate Defendant Corporation to permit the Plaintiffs, on demand, to check, examine and audit its books and records, papers and reports as may be necessary to permit the Plaintiffs to determine whether Defendant Corporation accurately reported the number of hours of bargaining unit work performed by its employees and to determine the amount of contributions due and owing to Plaintiffs, including, but not limited to, its payroll records, timecards, accounts payable records, general ledgers, cash disbursements journal, hours reports, payroll tax reports, and any other records relating to hours worked by all employees, including union, non-union, bargaining unit and non-bargaining unit employees, subcontractors, and independent contractors of Defendant Corporation.

55.     Defendant Corporation is contractually liable under the CBA, Trusts and Collections Policy to pay the costs and expenses of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Plaintiffs in obtaining the audit.

56.     Defendant Corporation is statutorily obligated to maintain accurate and complete books and records for the number of hours of bargaining unit work, i.e., operating engineers work, performed by all of its employees and subcontractors.

57.     Defendant Corporation has not produced its books and records for a payroll audit for the period subsequent to July 31, 2018.

58.     Because Defendants have not produced records for audit, Plaintiffs cannot determine whether Defendant Corporation has accurately reported the number of hours of bargaining unit work performed by its employees and cannot determine the amount of contributions due and owing to Plaintiffs and, therefore, participants and beneficiaries of the Funds may be deprived of proper benefits and credits.

59.     Defendant Corporation must be ordered to produce its books and records for the period August 1, 2018 to date for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.

60.     In the event it is discovered that Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint Paragraph No. 33.

## VII.     FIFTH CAUSE OF ACTION

61.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "60" inclusive of this Complaint, as if fully set forth at this point.

62.     Under the Plaintiff Upstate New York Engineers Funds' Collections Policy, if Defendants do not produce complete and accurate records for the period August 1, 2018 to date for review and audit by Plaintiff Upstate New York Engineers Funds, the Plaintiff Upstate

New York Engineers Funds are entitled to implement a formula audit that allows them to presume that Defendant Corporation's employees performed a minimum of forty (40) hours per week of bargaining unit work for fifty-two (52) weeks during the calendar year (2,080 hours per year), and that Defendant Corporation owes contributions at the hourly rate for Class A or Class I Mechanics as set forth in the CBA.

63.    The Class A Mechanic rate under the Union's Building Agreement for District 545 is as follows:

> $18.30 per hour for the period August 1, 2018 to June 30, 2019;
>
> $19.65 per hour for the period July 1, 2019 to June 30, 2020; and
>
> $20.50 per hour for the period July 1, 2020 to June 30, 2021.

64.    If Defendant Corporation does not produce accurate and complete books and records of the number of hours of bargaining unit work performed by its employees on and after July 31, 2018, the Plaintiff Upstate New York Engineers Funds are entitled to implement their formula audit and the Court must enter judgment for any and all contributions that are determined to be due pursuant to that formula, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorney and paralegal fees, all at the rates set forth in the Complaint Paragraph No. 33.

## VIII.    SIXTH CAUSE OF ACTION

65.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "64" inclusive of this Complaint, as if fully set forth at this point.

66.     ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses"  [29 U.S.C. §1104(a)(1)(A)].

67.     ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

68.     Absent an exemption, ERISA Section 406, 29 U.S.C. §1106, makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit and to deal with plan assets for their personal account.

69.     New York Lien Law Article 3-A provides that construction contractors and their officers, shareholders, directors, managers and agents must use monies earned for work at a construction project to pay the cost of, among other things, the employees' wages and benefits.

70.     Effective September 17, 2003, the Agreements and Declarations of Trust for the Upstate New York Engineers Funds provide that: "[t]itle to all monies paid into and/or due and owing to [Plaintiff Plans is] vested in and remain[s] exclusively in the Trustees of the [Plaintiff Plans]; outstanding and withheld contributions constitute plan assets."

71.     Since at least February 1, 1986, Section 4.2 of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers has provided that: "[t]he Trustees are hereby vested

with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same."

72.     The 2015-2019 Building CBA, 2019-2023 Building CBA, 2015-2019 Heavy Highway CBA, and 2019-2023 Heavy Highway CBA provide that "unpaid, outstanding and withheld contributions constitute plan assets".

73.     Upon information and belief, during the period January 2012 to date and in connection with various construction projects, Defendant Corporation employed individuals or subcontractors covered by the CBA who performed work on certain construction projects for the benefit of the projects and Defendants.

74.     Upon information and belief, as a result of the work performed by employees or subcontractors of Defendants, Defendants received sums of money related to construction projects intended to pay, among other things, the wages and benefits of the persons furnishing and supplying the labor.

75.     Defendants Diana Sroka and Kenneth Sroka are fiduciaries of the monies so received and the monies so received and held by them constitute assets of the Plaintiff Funds to be utilized for the benefit of the Plaintiff Funds.

76.     Defendants have failed to remit to Plaintiff Funds all contributions/trust assets belonging to the Plaintiff Funds, have withheld contributions/trust assets from the Plaintiff Funds, and have received and retained from the Plaintiff Funds, for their own personal use and benefit, monies which are rightfully assets of the Plaintiff Funds.

77.     Defendants Diana Sroka and Kenneth Sroka, upon information and belief, had managerial discretion and control over Defendant Corporation and/or made decisions on behalf of the Defendant Corporation.

78.     Defendants Diana Sroka and Kenneth Sroka, upon information and belief, determined which bills and creditors the Defendant Corporation would pay, determined when the Plaintiff Funds would be paid, determined how much money would be paid to the Plaintiff Funds, determined which employees of the Defendant Corporation would be reported to the Plaintiff Funds, and determined the number of hours upon which contributions would be reported as owing to the Plaintiff Funds, and exercised control over the money due and owing to Plaintiff Funds, i.e., the Plaintiff Funds' assets, and, therefore, they are fiduciaries.

79.     To the extent that Defendants Diana Sroka and Kenneth Sroka transferred, applied, used, or diverted, or permitted the transfer, application, use, or diversion of Plaintiff Funds' trust assets to purposes other than purposes of the Plaintiff Funds without first making payment to Plaintiff Funds, Defendants Diana Sroka and Kenneth Sroka acted contrary to their fiduciary obligations and they are guilty of breaching their fiduciary duties under ERISA, 29 U.S.C. §§1104, 1106 and 1109, and the New York Lien Law.

80.     To the extent that Defendants Diana Sroka and Kenneth Sroka used, or permitted the use of, the Plaintiff Funds' assets to pay other creditors of the Defendant Corporation rather than forwarding the assets to the Plaintiff Funds, they are guilty of breaching their fiduciary duties.

81.     To the extent that Defendants Diana Sroka and Kenneth Sroka used the Plaintiff Funds' assets for purposes other than the interests of the Plaintiff Funds and their participants and beneficiaries, they are in violation of §§1104, 1106, and 1109 of ERISA and the New York Lien Law.

82.     To the extent that Defendants Diana Sroka and Kenneth Sroka have withheld contributions from the Plaintiff Funds and/or untimely paid contributions to the Plaintiff Funds, they have not acted solely in the interests of the participants and beneficiaries and they have acted contrary to the Plaintiff Funds' documents and, therefore, they are individually and personally liable for the violations of ERISA Sections 404 and 406 described herein [29 U.S.C. §§1104 and 1106].

83.     To the extent that the audits and/or Defendants' remittance reports show that Defendant Corporation has not paid contributions to the Plaintiff Funds, Defendants Diana Sroka and Kenneth Sroka have breached their fiduciary duties and they are liable to Plaintiff Funds for the following:

A.      The $272,316.92 owed to the Upstate New York Engineers Funds, Central Pension Fund and Local 106 Training Fund, as set forth at Paragraph No. 37 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds', Central Pension Fund's and Local 106 Training Fund's investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

B.      The $1,193,392.38 owed to the Upstate New York
Engineers Funds and Central Pension Fund on behalf of
hours worked by Flat Rate Employees, as set forth at
Paragraph No. 41 of the Complaint herein plus interest
thereon at the consolidated rate of return on Plaintiff
Upstate New York Engineers Funds' and Central Pension
Fund's investments, plus costs and expenses of collection,
audit fees and attorneys' and paralegal fees; and

C.      The $416,211.54 owed to the Upstate New York Engineers
Funds pursuant to the formula audit set forth in Paragraph
Nos. 44 through 50 of the Complaint herein plus interest
thereon at the consolidated rate of return on Plaintiff
Upstate New York Engineers Funds' investments, plus costs
and expenses of collection, audit fees and attorneys' and
paralegal fees; and

D.      Any monies discovered to be due to the Upstate New York
Engineers Funds, Central Pension Fund and Local 106
Training Fund as uncovered by the audit sought at
Paragraph Nos. 59 and 60 of the Complaint herein plus
interest thereon at the consolidated rate of return on
Plaintiff Upstate New York Engineers Funds', Central
Pension Fund's and Local 106 Training Fund's investments,
plus costs and expenses of collection, audit fees and
attorneys and paralegal fees; and

E.      Any monies determined to be due to the Upstate New York
Engineers Funds pursuant to the formula audit and
Paragraph No. 64 of the Complaint herein plus interest
thereon at the consolidated rate of return on Plaintiff
Upstate New York Engineers Funds' investments, plus costs
and expenses of collection, audit fees and attorneys and
paralegal fees; and

F.      To restore to the Plans any profits that Defendants made
through use and retention of the assets of the Plaintiff
Funds.

## IX.      SEVENTH CAUSE OF ACTION

84.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "83" of this Complaint as if fully set forth herein.

85.     Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)].  Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

86.     Section 406(a) of the Act [29 U.S.C. §1106(a)] provides that the following is a prohibited transaction:

    (A)     sale or exchange, or leasing, of any property between the plan
            and a party in interest;

    (B)     lending of money or other extension of credit between the plan
            and a party in interest;
                                    . . .

    (D)     transfer to, or use by or for the benefit of, a party in interest, of
            any assets of the plan; or . . .

87.     At all times relevant herein, Defendants Diana Sroka and Kenneth Sroka were parties in interest with respect to the Plaintiffs' Plans because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A), (C), (E) and (H) [29 U.S.C. §1002(14)(A), (C), (E) and (H)].

88.     Effective September 17, 2003, the Agreements and Declarations of Trust for the Upstate New York Engineers Funds provide that: "[t]itle to all monies paid into and/or due and owing to [Plaintiff Plans is] vested in and remain[s] exclusively in the Trustees of the [Plaintiff

Plans]; outstanding and withheld contributions constitute plan assets."

89.     Since at least February 1, 1986, Section 4.2 of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers has provided that: "[t]he Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same."

90.     The 2015-2019 Building CBA, 2019-2023 Building CBA, 2015-2019 Heavy Highway CBA, and 2019-2023 Heavy Highway CBA provide that "unpaid, outstanding and withheld contributions constitute plan assets".

91.     At all times hereinafter mentioned, Defendant Corporation was obligated to timely remit contributions to the Plaintiff Funds as required by the CBA, Trusts and Collections Policy.

92.     To the extent that Defendants Diana Sroka and Kenneth Sroka have withheld contributions from the Plaintiff Funds, Defendants Diana Sroka and Kenneth Sroka have received and retained from the Plaintiff Funds for their and/or Defendant Corporation's own use and benefit, monies which are rightfully assets of the Plaintiff Funds.

93.     To the extent that Defendants Diana Sroka and Kenneth Sroka have withheld, received and retained the contributions, Defendants Diana Sroka and Kenneth Sroka, as parties in interest, impermissibly used the assets of the Plaintiff Funds in contravention of §406 of the Act, the interests of the Plaintiff Funds and the interests of the Plaintiff Funds' fiduciaries, participants and beneficiaries.

94.     Upon information and belief, Defendants Diana Sroka and Kenneth Sroka have not properly submitted accurate reports to the Plaintiffs and have not properly paid the appropriate monies to the Plaintiffs and, therefore, they have damaged Plaintiffs.

95.     To the extent that the audit shows that Defendants have not paid contributions to Plaintiff Funds, Defendants Diana Sroka and Kenneth Sroka have damaged the Plaintiff Funds and are liable to Plaintiff Funds for the following:

A.     The $272,316.92 owed to the Upstate New York Engineers Funds, Central Pension Fund and Local 106 Training Fund, as set forth at Paragraph No. 37 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds', Central Pension Fund's and Local 106 Training Fund's investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

B.     The $1,193,392.38 owed to the Upstate New York Engineers Funds and Central Pension Fund on behalf of hours worked by Flat Rate Employees, as set forth at Paragraph No. 41 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds' and Central Pension Fund's investments, plus costs and expenses of collection, audit fees and attorneys' and paralegal fees; and

C.     The $416,211.54 owed to the Upstate New York Engineers Funds pursuant to the formula audit set forth in Paragraph Nos. 44 through 50 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds' investments, plus costs and expenses of collection, audit fees and attorneys' and paralegal fees; and

D.     Any monies discovered to be due to the Upstate New York Engineers Funds, Central Pension Fund and Local 106 Training Fund as uncovered by the audit sought at Paragraph Nos. 59 and 60 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds', Central

Pension Fund's and Local 106 Training Fund's investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

E.     Any monies determined to be due to the Upstate New York Engineers Funds pursuant to the formula audit and Paragraph No. 64 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds' investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

F.     To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Funds.

## X.      PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1.     On Plaintiffs' First Cause of Action, judgment against the Defendants for

$305,320.09 in contributions and deductions, plus the following:  (1) interest from February 15,

2012 through December 31, 2015 on the $101,460.61 in unpaid and untimely paid Upstate New

York Engineers Funds contributions, at the rate of two percent (2%) per month; plus (2) interest

from January 1, 2016 on the $208,776.25 in unpaid and untimely paid Upstate New York

Engineers Funds contributions, at the rate of twelve percent (12%) per annum; plus (3) the

greater of interest on the $208,776.25 in delinquent Upstate New York Engineers Funds

contributions or liquidated damages equal to twenty percent (20%) of those delinquent

contributions; plus (4) interest from February 15, 2012 on the $2,955.85 in unpaid Local 106

Training Fund contributions, at the rate prescribed by ERISA; (5) interest again on the $2,955.85

in unpaid Local 106 Training Fund contributions, at the rate prescribed by ERISA; (6) interest

from February 15, 2012 on the $60,584.82 in unpaid and untimely paid Central Pension Fund

contributions, at the rate of nine percent (9%) per annum; plus (7) the greater of interest on the

$60,584.82 in unpaid and untimely paid Central Pension Fund contributions or liquidated

damages equal to fifteen percent (15%) of those delinquent contributions; plus (8) interest

from February 15, 2012 on the $346.10 in unpaid and untimely paid C.I.R.S.T. Fund monies, at

the rate of nine percent (9%) per annum; plus (9) liquidated damages equal to ten percent

(10%) on the $346.10 in unpaid and untimely paid C.I.R.S.T. Fund monies; plus (10) interest

from February 15, 2012 on the $473.19 in unpaid UNICON monies; plus (11) interest on $463.57

in unpaid and untimely paid I.F./A.S.P. monies, at the rate of two percent (2%) per month from

January 1, 2012 through December 31, 2015, plus interest on $697.98 in unpaid and untimely

paid I.F./A.S.P. monies, at the rate of twelve percent (12%) per annum after January 1, 2016;

plus (12) liquidated damages equal to twenty percent (20%) of the $697.98 in unpaid and

untimely paid I.F./A.S.P. monies; plus (13) interest on the $35.00 in unpaid and untimely paid

Defense Fund monies, at the rate of nine percent (9%) per annum from February 15, 2012; plus

(14) interest on the $1,111.37 in unpaid and untimely paid V.P.A.F. monies, at the rate of nine

percent (9%) per annum from February 15, 2012; plus (15) interest on the $30,339.53 in unpaid

and untimely paid Union dues, at the rate of nine percent (9%) per annum from February 15,

2012; plus (16) costs and fees of collection, audit fees and attorneys' fees.

       2.      On Plaintiffs' Second Cause of Action, judgment against the Defendants for

$1,279,216.31 in contributions and deductions, plus the following:  (1) interest from February

15, 2012 through December 31, 2015 on the $512,525.57 in unpaid and untimely paid Upstate

New York Engineers Funds contributions, at the rate of two percent (2%) per month; plus (2)

interest from January 1, 2016 on the $939,319.10 in unpaid and untimely paid Upstate New

York Engineers Funds contributions, at the rate of twelve percent (12%) per annum; plus (3) the greater of interest on the $939,319.10 in delinquent Upstate New York Engineers Funds contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (4) interest from February 15, 2012 on the $254,073.28 in unpaid and untimely paid Central Pension Fund contributions, at the rate of nine percent (9%) per annum; plus (5) the greater of interest on the $254,073.28 in unpaid and untimely paid Central Pension Fund contributions or liquidated damages equal to fifteen percent (15%) of those delinquent contributions; plus (6) interest from February 15, 2012 on the $1,327.06 in unpaid and untimely paid C.I.R.S.T. Fund monies, at the rate of nine percent (9%) per annum; plus (7) liquidated damages equal to ten percent (10%) on the $1,327.06 in unpaid and untimely paid C.I.R.S.T. Fund monies; plus (8) interest on $4,854.75 in unpaid and untimely paid I.F./A.S.P. monies, at the rate of two percent (2%) per month from January 1, 2012 through December 31, 2015, plus interest on $8,819.51 in unpaid and untimely paid I.F./A.S.P. monies, at the rate of twelve percent (12%) per annum after January 1, 2016; plus (9) liquidated damages equal to twenty percent (20%) of the $8,819.51 in unpaid and untimely paid I.F./A.S.P. monies; plus (11) interest on the $5,124.48 in unpaid and untimely paid V.P.A.F. monies, at the rate of nine percent (9%) per annum from February 15, 2012; plus (12) interest on the $70,552.88 in unpaid and untimely paid Union dues, at the rate of nine percent (9%) per annum from February 15, 2012; plus (13) costs and fees of collection, audit fees and attorneys' fees.

      3.      On Plaintiffs' Third Cause of Action, judgment against the Defendant Corporation:

      A.      For $416,211.54 in contributions to the Plaintiff Upstate New York Engineers Pension, Health and Training Funds for the period January 1, 2016 through July 31, 2018 that are due pursuant to the formula audit, plus the applicable interest thereon, liquidated damage, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint Paragraph 33.

4.      On Plaintiffs' Fourth Cause of Action, judgment against the Defendant Corporation:

      A.      Requiring it to produce its books and records for Plaintiffs' review and audit for the period August 1, 2018 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys and paralegal fees and costs incurred in obtaining that audit; and

      B.      Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint Paragraph No. 33;

5.      On Plaintiffs' Fifth Cause of Action, judgment against the Defendant Corporation:

      A.      For the contributions owed to the Plaintiff Upstate New York Engineers Pension, Health and  Training Funds for the period August 1, 2018 to date that are due pursuant to the formula audit, plus the applicable interest thereon, liquidated damage, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint Paragraph 33.

6.      On Plaintiffs' Sixth and Seventh Causes of Action, judgment against the

Defendants Diana L. Sroka and Kenneth A. Sroka as follows:

A.      The $272,316.92 owed to the Upstate New York
        Engineers Funds, Central Pension Fund and Local 106
        Training Fund, as set forth at Paragraph No. 37 of the
        Complaint herein plus interest thereon at the
        consolidated rate of return on Plaintiff Upstate New York
        Engineers Funds', Central Pension Fund's and Local 106
        Training Fund's investments, plus costs and expenses of
        collection, audit fees and attorneys and paralegal fees;
        and

B.      The $1,193,392.38 owed to the Upstate New York
        Engineers Funds and Central Pension Fund on behalf of
        hours worked by Flat Rate Employees, as set forth at
        Paragraph No. 41 of the Complaint herein plus interest
        thereon at the consolidated rate of return on Plaintiff
        Upstate New York Engineers Funds' and Central Pension
        Fund's investments, plus costs and expenses of collection,
        audit fees and attorneys' and paralegal fees; and

C.      The $416,211.54 owed to the Upstate New York
        Engineers Funds pursuant to the formula audit set forth in
        Paragraph Nos. 44 through 50 of the Complaint herein
        plus interest thereon at the consolidated rate of return on
        Plaintiff Upstate New York Engineers Funds' investments,
        plus costs and expenses of collection, audit fees and
        attorneys' and paralegal fees; and

D.      Any monies discovered to be due to the Upstate New
        York Engineers Funds, Central Pension Fund and Local 106
        Training Fund as uncovered by the audit sought at
        Paragraph Nos. 59 and 60 of the Complaint herein plus
        interest thereon at the consolidated rate of return on
        Plaintiff Upstate New York Engineers Funds', Central
        Pension Fund's and Local 106 Training Fund's
        investments, plus costs and expenses of collection, audit
        fees and attorneys and paralegal fees; and

E.    Any monies determined to be due to the Upstate New York Engineers Funds pursuant to the formula audit and Paragraph No. 64 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds' investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

F.    To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plans.

DATED: November 20, 2020

BLITMAN & KING LLP

By: _____
Jennifer A. Clark, Esq.
Bar Roll No. 101356
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone:  (315) 422-7111
Facsimile:  (315) 471-2623
Email:  jaclark@bklawyers.com